*NOTE CHANGES MADE BY THE COURT*

1  ROBERT B. HAWK (Bar #118054)
   robert.hawk@hellerehrman.com
2  HELLER EHRMAN LLP
   275 Middlefield Road
3  Menlo Park, CA 94025-3506
   T: (650) 324-7000 / F: (650) 324-0638
4
   CHAD R. FULLER (Bar #190830)
5  chad.fuller@hellerehrman.com
   HELLER EHRMAN LLP
6  4350 La Jolla Village Drive, 7th Floor
   San Diego, CA 92122
7  T: (858) 450-8400 / F: (858) 450-8499

8  Attorneys for Defendant
   SYMANTEC CORPORATION
9
   Michael A. Geibelson (SBN 179970)
10 MAGeibelson@rkmc.com
   Robins, Kaplan, Miller & Ciresi L.L.P.
11 2049 Century Park East, Suite 3400
   Los Angeles, CA 90067-3211
12 T: 310-552-0130 / F: 310-229-5800

13 Attorneys for Defendant
   DIGITAL RIVER, INC.
14

15 (Counsel Listing Cont'd on next page)

16              UNITED STATES DISTRICT COURT

17              CENTRAL DISTRICT OF CALIFORNIA

18                      AT SANTA ANA

19 DON SAULIC, individually and on       Case No. SACV07-610 AHS(PLAx)
20 behalf of all others similarly situated;
                                          **PROTECTIVE ORDER**
21                        Plaintiffs,

22
           v.
23

24 SYMANTEC CORPORATION, a
   corporation; DIGITAL RIVER, INC., a
25 corporation.

26
                          Defendants.
27

28

Heller
Ehrman LLP

[PROPOSED] PROTECTIVE ORDER
CASE NO. SA CV 07-610 AHS (PLAX)

LA1 60152561.3
LA1 60152561.3

(Cont'd Counsel Listing)

DEL TONDO & THOMAS
Attorneys at Law
BRYAN M. THOMAS, ESQ. (Bar #143737)
2201 Dupont Drive, Suite 820
Irvine, CA 92612
Tel: (949) 851-0558 / Fax: (949) 266-9621
Email: bthomas@lawyer.com

KIRK & TOBERTY, LLP
Attorneys at Law
J. DOUGLAS KIRK, ESQ. (Bar #125808)
2201 Dupont Drive, Suite 820
Irvine, California 92612
Tel: (949) 851-0355 / Fax: (949) 851-1250
Email: jdkirk@kirkandtoberty.com

TIMOTHY L. JOENS AND ASSOCIATES
A Professional Corporation
TIMOTHY L. JOENS, ESQ. (Bar #090532)
2201 Dupont Drive, Suite 820
Irvine, California 92612
Tel: (949) 851-0866 / Fax: (949) 851-1250
Email: tljsaj7@aol.com

Attorneys for Plaintiff DON SAULIC

To facilitate discovery and protect, pursuant to Federal Rule of Civil Procedure 26(c), the confidentiality of and rights to information and documents disclosed in connection with this litigation, the Court hereby orders as follows:

1) Any information or materials, including, without limitation: (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony and transcriptions (including exhibits), and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information ((a), (b) and (c) collectively, "Litigation Materials") may be designated as "Confidential" or "Highly Confidential" under this Order.

a) Litigation Materials that contain or comprise non-public

information may be designated as "Confidential" in the manner described below. Litigation Materials that contain or comprise trade secrets; other confidential research, development, or commercial information; *those portions of non-public* contracts that contain information of a proprietary nature; business or marketing plans, strategies, or policies; competitively sensitive research, analysis or development information; product design information; source code, object code, or any other executable or compilable code; that has not been released commercially in the form in which it is produced; information concerning the structure and operation of internal information or computer systems; and/or non-public financial data and/or information that is of like proprietary nature may be designated "Highly Confidential" in the manner described below.

      b)    The documents that Defendants presently anticipate will be required to be designated as "Confidential" or "Highly Confidential" include *[]* the following:

          i)    **Trade Secret Documents**, including *[ ]* Website design and development documents, that are not publicly available and which Symantec and Digital River derive some type of economic benefit from because the documents or information are not generally known, and reasonable steps are taken to ensure the material's confidentiality, and *those portions of* the correspondence and memoranda relating to them *that contain such information.*

          ii)    **Confidential Research Information**, including *[ ]* Quarterly Business Review Documents, Data Analysis, and eRaid Reports, Sales information in greater detail than revealed publicly, and Commercial Reports, and *those portions of* the correspondence

and memoranda relating to them *that contain such information.*

iii) **Confidential Development and Commercial (Business) Information**, including [ ] Internal pricing issues and policies, Aggregated consumer price lists, reports on sales, pricing and economic trends extracted from Digital River's remote control command console, Status Reports, and those categories of information that have been redacted in various filings with the Securities and Exchange Commission ("SEC"), and *those portions of* the correspondence and memoranda relating to them *that contain such information.*

iv) **Personally Identifiable Information** ("PII"), including customer names, addresses, telephone numbers, credit card numbers, e-mail addresses, or other PII customer information, and *those portions of* the correspondence and memoranda relating to them *that contain such information.*

v) **Third Party Information That the Parties Are Under an Obligation to Maintain As Confidential,** including [ ] confidential contracts and communications with vendors, suppliers, customers, credit card processors, credit card issuers, and *those portions of* the correspondence and memoranda relating to them *that contain such information*; and the information transmitted to defendants by customers other than the PII referenced above.

2) All Litigation Materials designated "Confidential" or "Highly Confidential" provided in discovery in connection with the above-captioned litigation ("this litigation"), and the contents thereof, shall only be used or disclosed as provided for in this Order, and shall not be made public by any receiving person or be

Heller Ehrman White & McAuliffe LLP

LA1 60152561.3
LA1 60152561.3

1

[PROPOSED] PROTECTIVE ORDER
CASE NO. SA CV 07-610 AHS (PLAX)

used for any purpose other than the preparation and trial of this litigation.

3) Any party (as used in this Order, and unless otherwise specified, "party" shall mean the named plaintiff and named defendants in this litigation) or nonparty may designate Litigation Materials, or portions thereof, which are considered confidential or highly confidential by marking them "Confidential" or "Highly Confidential" respectively, on at least the first page of the document, or in the case of any documents, information or data produced in electronic form, on the physical media itself or on any container holding the media.

4) Nothing in this Protective Order shall be construed as a waiver of plaintiff's right to move the Court to permit the use and disclosure of PII.

5) The failure to designate Litigation Material as "Confidential" or "Highly Confidential" within thirty (30) days after production or after the receipt of a deposition transcript containing information so designated shall not waive a party's or nonparty's right to later so designate such Litigation Materials. If Litigation Materials claimed to be "Confidential" or "Highly Confidential" are produced without that designation, such Litigation Materials and all copies thereof shall be returned to the designating person for such designation within five business days of any written notice requesting their return and provision of replacement copies of the documents bearing the corrected designations, or immediately stamped "Confidential" or "Highly Confidential" as requested by the designating person. The receiving party may challenge the designation of the documents as provided in this Order, but the inadvertent production of Litigation Materials (including, without limitation, testimony) claimed to be "Confidential" or "Highly Confidential" without that designation shall not constitute a waiver of confidentiality.

6) For deposition testimony, counsel may invoke the provisions of this Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Highly Confidential," or by designating

the deposition transcript or portions thereof as "Confidential" or "Highly Confidential" within thirty (30) days after that counsel has received the deposition transcript. Unless otherwise ordered by the Court, no person shall be present during any portion of any deposition designated as "Confidential" or "Highly Confidential" unless that person is an authorized recipient of Litigation Materials containing such confidential information under the terms of this Order. If a designation is made during the deposition, then the court reporter shall separately bind that portion of the deposition to bear an appropriate legend concerning the degree of Confidentiality. If designations are made after the deposition, then copies of deposition pages shall be provided by the designating party which identify the page and line numbers being so designated and the degree of confidentiality.

7) Before use or disclosure of any Litigation Material designated "Confidential" or "Highly Confidential" in a hearing or other courtroom proceeding, the party or nonparty who seeks to use or disclose the material shall provide reasonable notice to the designating person, to give the designating person an opportunity to request that the Court clear the courtroom, and if the request is refused, then the designating party shall *request the* opportunity *for* a brief stay to address the matter with the court. This provision, however, shall not foreclose or otherwise limit the opponent's ability to present the material, information, or testimony.

8) Any objection to a designation shall be in writing, sent to the designating party, and shall state the reasons for the objection and the purpose for which the objecting party intends to use the Litigation Materials in question. The parties involved shall attempt to negotiate an informal resolution of the dispute in compliance with Local Rules 7-3 and 37-1 to 37-2 as appropriate. If attempts at an informal resolution of any such dispute prove unsuccessful, the party objecting to the designation may file with the Court a regularly noticed motion, *in full compliance*

*with the procedures set forth in Local Rule 37,* to remove the "Confidential" or "Highly Confidential" designation of that Litigation Material in accordance with the Local Rules. Any Litigation Material the designation of which is subject to such dispute shall remain so designated and shall be treated in accordance with such designation pending further order of the Court. The party asserting the confidentiality of any such Litigation Material shall bear the burden of establishing that the Litigation Material is entitled to the designation. Failure to challenge the designation shall not be construed as an admission that the Litigation Material was properly designated "Confidential" or "Highly Confidential."

  9) If any Litigation Material designated "Confidential" or "Highly Confidential" pursuant to this Order is used during the course of a deposition, the portion of the deposition record reflecting such "Confidential" or "Highly Confidential" information shall be sealed and stamped as "Confidential" or "Highly Confidential," respectively, and access thereto shall be limited pursuant to the terms of this Order. If a designation is made at the deposition, the court reporter shall separately bind the Confidential or Highly Confidential portions of the deposition to facilit*[ate]* access and use of the deposition. If a designation is made after the completion of the deposition transcript, the designation shall include a copy of the page(s) of the deposition so designated with markings to indicate the extent (i.e. page and line numbers) and nature (Confidential or Highly Confidential) of the designation.

  10) The following procedures shall govern the filing of "Confidential" or "Highly Confidential" materials with the Court:

    a) A party who lodges or files any paper, pleading, exhibit, or other document containing "Confidential" or "Highly Confidential" materials shall *present an application to file the document under seal, and shall* state on the first page of the document containing such "Confidential" or "Highly

Confidential" materials that the document contains "Confidential" or "Highly Confidential" materials and is submitted *with an application that the confidential portions of the document be filed* under seal. *Good cause for filing under seal must be shown in the application.* Any document that is filed in opposition or reply to any such sealed document and discusses, describes, or quotes any portion of the contents of the sealed document shall itself be filed *with an application that the confidential portions of the document be filed* under seal. All documents filed in connection with any motion or proceeding related to compliance with, performance under, or construction or violation of this Protective Order shall be filed *with an application that the document be filed* under seal. However, documents that do not contain Litigation Materials protected by the Protective Order shall not be filed under seal. Motions made at trial while the parties are physically present upon the making of the motion and able to designate matters contained in those motions as Confidential or Highly Confidential, need not be initially filed under seal, however this provision shall be without prejudice to the parties' ability to designate matter contained in those motions as Confidential or Highly Confidential, as appropriate. Where a party intends to use Litigation Materials designated as "Confidential" or "Highly Confidential" in support of a dispositive motion and objects to the designation of the materials as such, those Litigation Materials shall be identified in the Local Rule 7-3 Conference so that the parties can either reach a stipulation concerning their handling on the motion or obtain a determination from the Court, on an ex parte basis or otherwise, concerning the sealing of the documents prior to the filing of the dispositive motion.

    b)    A party who lodges or files any document containing "Confidential" or "Highly Confidential" materials shall submit it to the Court in a sealed envelope that bears the caption of this case and the following

legend:

**CONFIDENTIAL—FILED SUBJECT TO COURT ORDER. THE PAPERS IDENTIFIED ABOVE AND CONTAINED IN THIS ENVELOPE HAVE BEEN DESIGNATED AS CONFIDENTIAL, ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT, AND MAY NOT BE EXAMINED OR COPIED EXCEPT BY THE COURT OR PURSUANT TO COURT ORDER.**

Pursuant to the Court's General Civil Filing Information, the document being filed under seal must also be accompanied by a copy of the Protective Order, or, under the case number of the title page, type "Filed Under Seal Pursuant To Protective Order Dated _____."

11) Whenever any person who has any legal or practical interest (other than that of simply being a party in this litigation) in any Litigation Material produced or disclosed by any other party or nonparty believes in good faith that such Litigation Material contains "Confidential" or "Highly Confidential" material, such person may designate such Litigation Material as "Confidential" or "Highly Confidential," even if the Litigation Material has not been so designated by the person producing or disclosing the Litigation Material.

12) Litigation Materials designated or treated as "Confidential," copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution or defense of this litigation):

    a) the Court;

    b) court reporters who record depositions or other testimony in this action;

    c) outside and in-house counsel for the parties who are actively involved in the prosecution or defense of this litigation, and their paralegal,

secretarial and clerical assistants;

    d)    any named plaintiff, and any corporate party's employees who are actively assisting counsel in the defense of this action;

    e)    third-party consultants and independent experts;

    f)    after signing an acknowledgment in the form of Exhibit "B" or with the permission of the trial judge, witnesses at trial or in preparation for trial, or at a deposition in this litigation or in preparation for such a deposition, and the counsel representing the witness in connection with trial or such a deposition;

    g)    after signing an acknowledgment in the form of Exhibit "B" or with the permission of the trial judge, a putative class member represented by any of the undersigned attorneys;

    h)    any individual expressly named in the particular Litigation Material as having authored, received, or having knowledge of the information contained in that Litigation Material, and such persons as actually received such material

    i)    independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or other information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system; and

    j)    any other person upon the written agreement of the party or nonparty that designated the Litigation Material as "Confidential" (which agreement may be recorded in a deposition or other transcript), or pursuant to court order after regularly-noticed motion.

13) Litigation Materials designated or treated as "Highly Confidential," copies or extracts therefrom and the information contained therein, may be disclosed,

given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution or defense of this litigation):

    a)    the Court;

    b)    court reporters who record depositions or other testimony in this action;

    c)    outside and in-house counsel for the parties who are actively involved in the prosecution or defense of this litigation, and their paralegal, secretarial and clerical assistants;

    d)    third-party consultants and independent experts, provided that (1) such consultant or expert executes an agreement in the form attached hereto as Exhibit A concerning employment of such consultant or expert by competitors of defendant Symantec Corporation or Digital River, Inc.; or (2) the identity and background of such consultant or expert is first supplied in writing to the designating person, who shall have twenty (20) days from receipt of such information to file a motion, *filed in compliance with Local Rule 37,* challenging the provision of "Highly Confidential" Litigation Material to that consultant or expert, and no "Highly Confidential" Litigation Material shall be provided to any such consultant or expert until the twenty (20) day period has elapsed or any timely motion has been decided, whichever is later;

    e)    any individual expressly named in the particular Litigation Material as having authored, received, or having knowledge of the information contained in that Litigation Material, and such persons as actually received such material;

    f)    *after signing an acknowledgment in the form of Exhibit "B", any named plaintiff, with the exception that as to PII, only that named plaintiff's information may be disclosed to that named plaintiff;*

    g)    After signing an acknowledgment in the form of Exhibit "B",

witnesses at trial or in preparation for trial, or at a deposition in this litigation or in preparation for such a deposition, and the counsel representing the witness in connection with trial or such a deposition; provided that the identity of such witness and the "Highly Confidential" Litigation Materials must first be supplied in writing to the designating person within a reasonable time before such disclosure, to allow the designating person an opportunity to challenge the disclosure;

    h)    independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or other information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system; and

    i)    any other person upon the written agreement of the party or nonparty that designated the Litigation Material as "Highly Confidential" (which agreement may be recorded in a deposition or other transcript), or pursuant to court order after regularly-noticed motion.

14)    Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of "Confidential" or "Highly Confidential" Litigation Materials; provided, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the substance of Litigation Material so designated except as otherwise allowed in this Order.

15)    Nothing in this Order shall impose any restrictions on the use or disclosure by a party of Litigation Materials designated "Confidential" or "Highly Confidential" by that party, as the party deems appropriate.

16)    If, at any time, any Litigation Material in the possession, custody or control of any person other than the person who originally produced such Litigation

Material is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the person to whom the subpoena or request is directed shall immediately provide written notice to each person who originally produced such Litigation Material or designated it "Confidential" or "Highly Confidential," and the person to whom the subpoena or request is directed shall not take an adverse position to such person(s) opposing the subpoena or request for such Litigation Material.

17) Each person (except the persons described in paragraphs 12(a)-(d), (h) and 13(a)-(c), (*h*) of this Order) permitted to have access to any Litigation Material designated or treated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall, prior to being afforded access to such Litigation Material, be shown this Order and sign an agreement in the form attached hereto as "Exhibit B," or, for those persons described in paragraph 13(d), an agreement in the form attached hereto as "Exhibit A." A file shall be kept and maintained by the attorneys of record for each party of all such written agreements signed by persons to whom the party has disclosed Litigation Materials.

18) In the event that Litigation Materials designated or treated as "Confidential" or "Highly Confidential" are disclosed to someone not authorized to receive such information under this Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to counsel of record for the designating person and to counsel of record for the producing person (if different), and shall describe the circumstances surrounding the unauthorized disclosure.

19) The parties adopt the provisions of Proposed Rule of Evidence 502(b) for the purposes of this case, which provide as follows:

"(b) Inadvertent disclosure. — When made in a federal proceeding or to a federal office or agency, the disclosure [of a communication or information

covered by the attorney-client privilege or work-product protection] does not operate as a waiver in a federal or state proceeding if:

"(1) the disclosure is inadvertent;

"(2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and

"(3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. 25 Civ. P. 26(b)(5)(B)."

a) If any person produces in discovery any information subject to attorney-client privilege, work product immunity, joint-defense privilege, common interest privilege, and/or any other privilege, protection, or immunity, the producing person may (promptly upon learning of such production) notify the receiving party or parties of such production. Upon such notification: the receiving party or parties shall promptly return to the producing person all such information (including, without limitation, any documents containing or comprising such information); the information (including, without limitation, any documents containing or comprising such information) shall continue to be privileged, protected, and/or immune; and no use shall be made of such information (including, without limitation, any documents containing or comprising such information) by the receiving party or parties, nor shall it be disclosed to anyone further by the receiving party or parties pending the resolution of a motion under Rule 502(b) or otherwise, if the parties cannot agree that the matter is privileged or otherwise protected. Upon agreement or order, the receiving party or parties shall promptly provide to the producing person a written certification of the complete return of such information (including, without limitation, any documents containing or comprising such information); provided that, to the extent any receiving party has incorporated

any such information in its own work product, it may (instead of providing such work product to the producing person) destroy such information incorporated in that work product and promptly certify that such destruction has occurred after agreement is reached confirming that the materials are privileged, or a court so rules.

   b) The producing person shall list on a privilege log any document governed by this paragraph promptly after that document has been returned to the producing person by any receiving party.

   c) Nothing in this paragraph shall affect any position that any information governed by this paragraph is not subject to any privilege, protection or immunity because of factors other than its production in discovery in this litigation, but the possibility or assertion of any such position shall not relieve any party of its obligations under this paragraph, unless the Court rules otherwise upon motion of any party hereto.

20) Any document depository created in this litigation shall be treated as a receiving party of Litigation Materials for purposes of this Order.

21) Within 90 days after the termination of this litigation (by settlement, or judgment and exhaustion of appeals) and after the request of the producing person, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of Litigation Materials that have been designated as Confidential or Highly Confidential shall be returned to the person who produced such Litigation Materials (with the resulting shipping expense to be paid by the producing person), or may be disposed of in some manner that is mutually agreeable among the applicable persons. Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts and exhibits, provided that counsel continues to treat all Litigation Materials in the manner provided in this Order.

22) *[ ]*

23) *[ ] Once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise. The Court will not enter a protective order that extends beyond the commencement of trial.*

24) By this Order, the parties are not agreeing that these provisions are necessarily adequate to protect the confidentiality of all Litigation Materials. Nothing in this Order shall prevent any party from seeking additional protection from the Court for any particular Litigation Material, as the party deems appropriate.

IT IS SO ORDERED:

Dated: January 23, 2008

/s/
Hon. Paul L. Abrams
United States Magistrate
CENTRAL DISTRICT OF CALIFORNIA

Heller
Ehrman
White &
McAuliffe LLP

LA1 60152561.3
LA1 60152561.3

1

[PROPOSED] PROTECTIVE ORDER
CASE NO. SA CV 07-610 AHS (PLAX)

# EXHIBIT A

## DECLARATION AND AGREEMENT CONCERNING HIGHLY CONFIDENTIAL MATERIAL COVERED BY PROTECTIVE ORDER

I hereby acknowledge and agree that:

1. I have read the attached Stipulation and Confidentiality Order entered in the United States District Court for the Central District of California in the action *Saulic v. Symantec Corp. et al.*, No. SA CV 07-610 AHS (PLAX). I understand the terms thereof; I agree to comply with and be bound by those terms; and I consent to the jurisdiction of the Court for enforcement of that Order. I understand that a violation of this undertaking could be punishable as a contempt of court.

2. If I become employed by, or begin consulting with or providing any other type of assistance to any competitor of either of Symantec Corporation or Digital River (the "Defendants") at any time between now and two years after the conclusion of this litigation, including any appeals therefrom, I will immediately do the following: (a) identify myself to the Defendants or their respective counsel, (b) reveal to the Defendants or their respective counsel the nature of the new employment and the entity involved, (c) reveal to the Defendants or their respective counsel what "Highly Confidential" material I have in my possession and what "Highly Confidential" material I have reviewed in the past, (d) return to the Defendants or their respective counsel all copies of any "Highly Confidential" material that has been provided to me or certify in writing that all such material has been destroyed, and (e) return to the Defendants or their respective counsel any notes or other information derived from such material, or certify in writing that all such material has been destroyed. I also agree not to divulge any of the information contained in the "Highly Confidential" material to any competitor of either of the Defendants, and not to use such information in any work I might accomplish for any

Heller Ehrman White & McAuliffe LLP

2
DECL. & AGRM'T RE HIGHLY CONFIDENTIAL MATERIAL COVERED BY PROT. ORDER
CASE NO. SA CV 07-610 AHS (PLAX)
LA1 60152561.3
LA1 60152561.3

such competitor. Nothing herein shall be construed as preventing any declarant from employment by any competitor.

3. Under penalty of perjury under the laws of the State of California I attest to and agree to the above.

DATED: _____, 200__ By _____
(Signature)

_____
(Print Name)

Heller
Ehrman
White &
McAuliffe LLP

2
DECL. & AGRM'T RE HIGHLY CONFIDENTIAL MATERIAL COVERED BY PROT. ORDER
CASE NO. SA CV 07-610 AHS (PLAX)
LA1 60152561.3
LA1 60152561.3

# EXHIBIT B

## AGREEMENT CONCERNING MATERIAL COVERED BY PROTECTIVE ORDER

I hereby acknowledge that: I have read the attached Stipulation and Confidentiality Order entered in the United States District Court for the Central District of California in the action *Saulic v. Symantec Corp. et al.*, No. SA CV 07-610 AHS (PLAX). I understand the terms thereof; I agree to comply with and be bound by those terms; and I consent to the jurisdiction of the Court for enforcement of that Order. I understand that a violation of this undertaking could be punishable as a contempt of court.

DATED: _____, 200__   By _____
                                              (Signature)

_____
(Print Name)

Heller Ehrman White & McAuliffe LLP

1

AGREEMENT CONCERNING MATERIAL COVERED BY PROTECTIVE ORDER
CASE NO. SA CV 07-610 AHS (PLAX)
LA1 60152561.3
LA1 60152561.3